Carl Pine LEE, Respondent,

v.

T.C. KNIGHT, Petitioner.

No. 71013.

Supreme Court of Oklahoma.

April 4, 1989.

Rainey & Barksdale by Don Freeman, Okmulgee, for respondent.

Boydston & Payton by John D. Boydston, Tulsa, for petitioner.

LAVENDER, Justice:

Respondent, Carl Pine Lee, brought this civil action against petitioner, T.C. Knight, alleging that Knight had intentionally set fire to a barn belonging to Lee and to hay stored in fields belonging to Lee and had destroyed fences enclosing those fields. Lee also alleged that Knight had threatened Lee's life while pointing a shotgun at him. Lee sought damages for the property destroyed and for the emotional distress from having his life threatened in the course of the gun-pointing episode.

Lee filed a motion for "partial summary judgment"[1] on the factual issue of wheth-

---

1. Properly denominated a motion for partial summary adjudication. *Mann v. State Farm* *Mutual Auto. Ins. Co.,* 669 P.2d 768 (Okla.1983).

er Knight had threatened Lee by pointing a shotgun at him. In support of the motion Lee argued that Knight had been convicted by a jury of unlawfully pointing a firearm[2] in a criminal trial arising out of the same set of circumstances giving rise to the present civil action. The trial court granted the motion, finding that the criminal conviction should be given collateral estoppel effect as to the factual issue of whether Knight had unlawfully pointed a gun at Lee with intent to injure.

The trial court certified the ruling on this question as appropriate for interlocutory review and Knight petitioned this Court for writ of certiorari to obtain review of the certified ruling. We have previously granted the requested writ.

■ In argument to this Court both sides proceed from the position that the fact of Knight's conviction is admissible in the present controversy. The Oklahoma Evidence Code[3] provides at 12 O.S.1981 § 2803(22) that:

Evidence of a final judgment, entered after a trial or upon a plea of guilty, but not upon a plea of nolo contendere, adjudging a person guilty of a crime punishable by death or imprisonment in excess of one (1) year, to prove any fact essential to sustain the judgment. . . .

is not excludable as hearsay. Although the rationale on which this Court has previously held prior judgments of convictions inadmissible has not been based on the hearsay rule,[4] but has been based on considerations of fairness in view of the dissimilarity of civil and criminal procedures, we are now presented with a clearly stated legislative intent, in the form of the Evidence Subcommittee's Notes in regard to 12 O.S.1981

§ 2803(22), that this provision was specifically intended to change the prior case law generated rule of inadmissibility. We find it proper to look to specific statements in the notes of the Subcommittee as a part of the legislative history of the Oklahoma Evidence Code as a guide to the Legislature's intent.[5] Here the purpose and intention of the legislation is clearly stated. It is the primary purpose of this Court in construing legislation to give effect to the intent of the Legislature.[6] To that end we recognize the admissibility of evidence of prior judgments of convictions as delineated by 12 O.S.1981 § 2803(22).

■ Our recent opinion of *Walker v. Forrester*,[7] is not inconsistent with this position. The "conviction" in *Walker* involved a traffic citation for failure to devote attention to driving. The evidence regarding the conviction did not indicate a clear intent to enter a guilty plea to the citation.[8] It was clearly not the Legislature's intent to make evidence of conviction of minor offenses admissible, and in such circumstances the rule stated in our prior case law[9] continues to be applicable.

As stated above, the parties here have proceeded from the position, which we have found to be correct, that the evidence of the judgment of conviction in this case was properly admissible. The point on which the parties differ in their positions is on the weight to be afforded the evidence once admitted. Respondent Lee takes the position that the evidence of the prior judgment should be held conclusive as to the facts necessarily adjudicated in the prior proceeding—the position taken by the trial court. Petitioner Knight argues that while the fact of the conviction is admissible it should not be given preclusive effect.

**2.** Knight was convicted of a violation of 21 O.S.1981 § 1289.16 which is a felony punishable by imprisonment for from one (1) to ten (10) years. 21 O.S.1981 § 1289.17.

**3.** 12 O.S.1981 §§ 2101 through 3103.

**4.** See e.g. *Haynes v. Rollins*, 434 P.2d 234 (Okla. 1967); *Goodwin v. Continental Casualty Co.*, 175 Okla. 469, 53 P.2d 241 (Okla.1935).

**5.** *State ex rel. Rucker v. Tapp*, 380 P.2d 260 (Okla.1963).

**6.** *Jackson v. Independent School Dist. No. 16*, 648 P.2d 26 (Okla.1982).

**7.** 764 P.2d 1337 (Okla.1988).

**8.** Which could then arguably have been construed as an admission against interest. *Haynes v. Rollins*, 434 P.2d at 237.

**9.** See cases at note 4, supra.

Petitioner Knight supports his position by reference to the Notes of the Advisory Committee quoted in the Notes of the Evidence Subcommittee accompanying § 2803(22), which indicate a preference for submission of the fact of conviction as evidence without being given preclusive effect. While we have accepted the clear and unambiguous statement by the legislative subcommittee as evidence of the intent of the Legislature to change prior Oklahoma law on admissibility of evidence of prior conviction, we do not feel that the reference to the notes of the lay advisory committee may be given such effect on the question of the weight to be given the fact of a prior conviction.

Our review of the law regarding this issue from other jurisdictions reveals that there exists no consensus viewpoint on its treatment. The views adopted run from those giving the judgment of conviction in a prior proceeding fully conclusive, or collateral estoppel, effect, the position taken by Restatement of Judgments 2d (1982) § 85,[10] to those which would admit the evidence of the prior judgment of conviction as prime facie evidence of facts adjudicated,[11] to those jurisdictions which appear to abide by the "traditional rule" of nonadmissibility for the purpose of proving the truth of the facts underlying the prior judgment.[12]

 Our review of these various positions has led to the conviction that the adoption of the Restatement of Judgments view in this matter leads to the most desirable results. We find the reasoning of the Supreme Judicial Court of Massachusetts in *Aetna Casualty & Surety Co. v. Niziolek* to succinctly state the policy reasons supporting the adoption of this position.[13]

Collateral estoppel—more graphically known as "issue preclusion"—and the related doctrine of res judicata—"claim preclusion"—"relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication" *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980). In the context we face here—a civil action following a criminal prosecution—application of issue preclusion will not relieve parties of the cost and vexation of multiple lawsuits, but it will conserve scarce judicial resources, prevent people from profiting from their criminal conduct, and, perhaps most importantly, prevent the diminution of public confidence in our judicial system that would result if civil juries repeatedly found by a preponderance of the evidence that a convicted criminal defendant had not done something that a criminal jury had found beyond a reasonable doubt that he had done.

The Massachusetts court went on to discuss the issue of allowing the offensive use of the prior judgment of conviction and found question of fairness to be the decisive consideration. As the plaintiff in a civil action is not a proper party in a criminal proceeding, the plaintiff may not be charged with avoiding the costs of the criminal litigation only to reap the rewards

---

**10.** Restatement of Judgments 2d (1982) § 85 provides:

> Effect of Criminal Judgment in Subsequent Civil Action
> With respect to issues determined in a criminal prosecution:
> ....
> (2) A judgment in favor of the prosecuting authority is preclusive in favor of a third person in a civil action:
> (a) Against the defendant in the criminal prosecution as stated in § 29;
> ....

Jurisdictions in accord with the Restatement view include Massachusetts, *Aetna Casualty & Surety Co. v. Niziolek*, 395 Mass. 737, 481 N.E.2d 1356 (1985); and New Hampshire, *Hopps v.* *Utica Mutual Ins. Co.*, 127 N.H. 508, 506 A.2d 294 (1985).

**11.** Jurisdictions allowing judgment to carry prima facie weight include Hawaii, *Asato v. Furtado*, 474 P.2d 288 (Hawaii 1970); and Illinois, *Smith v. Andrews*, 54 Ill.App.2d 51, 203 N.E.2d 160 (1965).

**12.** Jurisdictions applying the traditional rule include Florida, *Nunez v. Gonzalez*, 456 So.2d 1336 (Fla.App.1984); Georgia, *Neal v. Neal*, 160 Ga.App. 771, 287 S.E.2d 109 (1982); and Maryland, *Aetna Casualty & Surety Co. v. Kuhl*, 296 Md. 446, 463 A.2d 822 (1983).

**13.** 481 N.E.2d at 1359, 1360.

of the ensuing judgment. And, where the criminal sanctions are appropriately severe, as contemplated under the scope of § 2803(22), the criminal defendant has every incentive to defend the prosecution vigorously and to exercise the right of appeal from a conviction. Under these circumstances we agree with the Massachusetts court that fairness does not require that a defendant who has had a judgment of conviction rendered against him must be allowed to retry the issues on which his conviction was based in a subsequent civil trial arising out of the same events.[14]

We therefore find that the trial court properly granted partial summary adjudication for the respondent Lee on the question of the application of collateral estoppel effect as to all issues properly determined under the prior judgment of criminal conviction entered against petitioner Knight and admissible as evidence under § 2803(22).

Petitioner Knight has presented an argument to this Court in this interlocutory proceeding to the effect that the trial court has erred in giving the prior judgment preclusive effect to issues not actually determined in the prior litigation. In its order granting partial summary judgment the trial court finds that the facts are not in controversy as to Knight's actions in pointing a shotgun at Lee for the purpose of injuring Lee physically, mentally or emotionally. Knight now argues that this is beyond the scope of the prior criminal conviction. However, the record before this Court shows that no argument has been presented to the trial court by Knight, other than a general denial, which would go to the question of the scope of the determinations in the prior criminal case. The order granting partial summary adjudication on its face is contrary to the position argued by Knight as it correctly indicates that the prior judgment of conviction will only be given preclusive effect as to issues actually determined in the prior proceeding.

As the present matter arises out of interlocutory proceeding, and the matter must now be sent back down for further proceedings in accord with the views expressed in this opinion, we do not find it necessary to further address Knight's assertions. The question of the scope of the issues actually determined in the prior proceeding may still be addressed to the trial court, and that is the proper forum to address such a factual based argument.

The order of the trial court granting partial summary adjudication is AFFIRMED.

All the Justices concur.

---

**14.** The view of the majority, expressed in *State Mutual Life Assurance Company of America v. Hampton,* 696 P.2d 1027 (Okla.1985), that a verdict of acquittal is not preclusive on a subsequent determination of the same issue in a civil matter, is not affected by our holding today.