51 F.3d 285
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Coy L. ALLEN, Plaintiff-Appellant,
v.
Dean CUNNINGHAM, Sheriff's Task Force Officer; Mark
Foreman; Bruce Justice; Jim Rowan; Officer Yarbrough,
Fritzel, Special Officer of the Comanche County District
Attorney's Office; Akard, Special Officer; Burch, Special
Officer of the Comache County District Attorney's Office;
Ronald Thorne, Lawton Police Department, Defendants-Appellees.
 No. 94-6280.
 United States Court of Appeals, Tenth Circuit.
 March 27, 1995.
 
 Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Coy Lee Allen, proceeding pro se, commenced this civil rights action pursuant to 42 U.S.C. Sec. 1983 against officials of the Comanche County Drug Task Force. Mr. Allen asserted various constitutional violations arising from a sting operation that ultimately resulted in his conviction for possession of cocaine. The district court granted the defendants' motions for summary judgment, and this appeal ensued. Our jurisdiction arises under 28 U.S.C. Sec. 1291.
 
 
 3
 We have carefully reviewed the record. Construing Mr. Allen's complaint liberally, we find that to the extent he asserts a claim for equitable relief in the form of release from confinement, a Sec. 1983 claim is an inappropriate vehicle for seeking such relief. See Presier v. Rodriguez, 411 U.S. 475, 488-90 (1973) (holding that habeas corpus is the exclusive remedy for a state prisoner challenging the fact or duration of his confinement when the relief sought is equitable, which includes immediate or speedier release). Furthermore, to the extent Mr. Allen seeks monetary damages against the defendants-appellees, we affirm for substantially the same reasons the district court's order adopting the April 29, 1994, Report and Recommendation of the magistrate judge recommending that summary judgment be granted on these claims. A copy of the Report and Recommendation is attached hereto.[1]
 
 
 4
 Accordingly, we AFFIRM the district court's grant of summary judgment.
 
 ATTACHMENT
 
 5
 IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT
 
 OF OKLAHOMA
 Coy Lee Allen, Plaintiff
 
 6
 vs.
 
 Dean Cunningham, et al., Defendants
 CIV-93-521-W
 REPORT AND RECOMMENDATION
 
 7
 ARGO, United States Magistrate Judge.
 
 
 8
 Plaintiff, a state prisoner appearing pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. Sec. 1983 alleging a violation of his constitutional rights. The Defendants have filed motions for summary judgment and Plaintiff has responded to the motions. Thus, they are at issue. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. Sec. 636(b)(1)(B). For the reasons stated herein, it is recommended that summary judgment be granted in favor of the Defendants and against the Plaintiff.
 
 
 9
 Plaintiff contends that the Defendants conspired to present false information in order to obtain a search warrant to search his home. He contends that the search warrant was then used as a "vehicle" to deprive him of his liberty, as items found during the search led to his arrest and subsequent conviction. Named as Defendants are three investigators with the Comanche County District Attorney's office and several officers of the Lawton Police Department.[1]
 
 
 10
 Summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The Court views the evidence and the inferences to be drawn therefrom in the light most favorable to the non-moving party. Manders v. State of Oklahoma ex rel. Department of Mental Health, 875 F.2d 263, 264 (10th Cir.1989), citing Barber v. General Electric Company, 648 F.2d 1272, 1276 n. 1 (10th Cir.1981). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Material facts" are "facts that might affect the outcome of the suit under the governing law." Id. Factual disputes that are irrelevant or unnecessary will not be counted. Id.
 
 
 11
 Furthermore, a Martinez report is treated as an affidavit, as is the Plaintiff's complaint if it alleges facts based upon the Plaintiff's personal knowledge and has been sworn under penalty of perjury. Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir.1991). In addition, "a movant is not always required to come forward with affidavits or other evidence to obtain summary judgment; once the movant points out an absence of proof on an essential element of the non-movant's case, the burden shifts to the non-movant to provide evidence to the contrary." Id. at 1111, n. 5, citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 12
 The undisputed facts show that the Comanche County District Attorney's drug task force was working with a confidential informant in an attempt to make a controlled buy of illegal drugs from a suspected drug dealer. Marked "buy" money was provided to the confidential informant and he was monitored by the officers both visually and electronically as he met with the suspected drug dealer. The transaction could not be completed at the suspected drug dealer's home, as he said they would need to go to "Ranch Oak" to complete the deal. The confidential informant and the suspected drug dealer proceeded to the Plaintiff's home on Ranch Oak Boulevard. The suspected drug dealer went to the Plaintiff's door with the "buy" money and later returned, delivering a white powdery substance, which turned out to be cocaine, to the confidential informant.[2] The suspected drug dealer was arrested shortly after leaving the Plaintiff's residence, but he did not have the marked "buy" money on him. Based upon these facts, some of the Defendants obtained a search warrant for the Plaintiff's house, endorsed for a nighttime search. The Defendants executed the search warrant that evening and recovered the marked "buy" money as well as some cocaine. Based upon these facts, Plaintiff was arrested and later convicted of possession of cocaine after the former conviction of four felonies. Case No. CRF-91-420, District Court of Comanche County, Oklahoma.
 
 
 13
 As noted, Plaintiff alleges that the Defendants conspired to present false information in order to obtain the search warrant used to search his home. To plead a conspiracy to violate his constitutional rights, Plaintiff must plead facts sufficient to show both a conspiracy and the actual deprivation of a federally protected right. Dixon v. City of Lawton, 898 F.2d 1443, 1449 (10th Cir.1990). Pleadings asserting such a claim, "must specifically present facts tending to show agreement and concerted action." Sooner Products Company v. McBride, 708 F.2d 510, 512 (10th Cir.1983). See also, Hammond v. Bales, 843 F.2d 1320, 1324 (10th Cir.1988); Shaffer v. Cook, 634 F.2d 1259 (10th Cir.1980), cert. denied, 451 U.S. 984 (1981); Norton v. Liddel, 620 F.2d 1375, 1380 (10th Cir.1980). Moreover, where Plaintiff fails to plead facts supporting vague claims of a broad conspiracy, the Court need not conjure up unpleaded facts to support the conclusory suggestions of conspiracy. Slotnick v. Staviskey, 560 F.2d 31 (1st Cir.1977), cert. denied, 434 U.S. 1077 (1978). Plaintiff has come forth with absolutely no facts to support his broad conspiracy claim or to dispute the facts set forth by the Defendants in their motions for summary judgment. These facts clearly provided the state court with probable cause to issue the search warrant for the Plaintiff's house and for these Defendants to execute that warrant.
 
 
 14
 Moreover, Plaintiff is precluded from relitigating the validity of the search warrant in this Court. In Hubbert v. City of Moore, Okla., 923 F.2d 769 (10th Cir.1991), the plaintiff argued that the issue of probable cause must be determined in federal court despite a finding in a state court criminal prosecution. The Tenth Circuit found that the federal court must give the state court ruling the same effect as would that state. After considering Oklahoma law, the Court in Hubbert found that a finding of probable cause, as with a conviction, must be given preclusive effect.
 
 
 15
 In Lee [v. Knight, 771 P.2d 1003 (Okla.1989) ], the court held the parties in a civil action are collaterally estopped from relitigating issues that are conclusively determined in a prior criminal proceeding resulting in a conviction. Id. at 1006.
 
 
 16
 Hubbert, 923 F.2d at 773.
 
 
 17
 In Lee, supra, the Oklahoma Supreme Court found that it was appropriate to introduce a prior criminal conviction as conclusive evidence in a civil action based on the principal of collateral estoppel or issue preclusion. The Court considered the need to avoid inconsistent results which is the basis for collateral estoppel or issue preclusion. The Lee Court, relying on Aetna Casualty & Surety Co. v. Niziolek, 481 N.E.2d 1356, 1359 (Mass.1985), found that it would be a great detriment to the legal system if a civil jury did not find a person responsible by a preponderance of the evidence for a criminal act which the person had already been convicted of beyond a reasonable doubt.
 
 
 18
 There are four requirements for issue preclusion:
 
 
 19
 [T]he issue sought to be precluded must be the same as that involved in the prior judicial proceeding; the issue was litigated in the prior action; the issue was in fact actually determined in the prior proceedings; and the determination of that issue was necessary to support the judgment in the prior proceeding.
 
 
 20
 Adamson v. Dayton Hudson Corp., 774 P.2d 478, 480 (Okla. Ct.App.1989), citing Guenther v. Holmgreen, 738 F.2d 879, 884 (7th Cir.1984), cert. denied, 469 U.S. 1212 (1985). The issue of the validity of the search warrant was an issue at the Plaintiff's preliminary hearing and trial. (See affidavit of Taylor E. Stein, assistant district attorney and the prosecutor in the state criminal case). While the Plaintiff argues that the Defendants have presented no evidence to show that the validity of the search warrant was raised or decided by the state court, he either ignores the affidavit of the prosecutor or seeks documentary proof such as a copy of the trial transcript or a written ruling from the state court judge. It is interesting to note that the Plaintiff does not say that the validity of the search warrant was not raised, but rather he asserts that the Defendants have not presented evidence to show this. However, as noted, the Defendants have presented evidence establishing this point by way of the affidavit of the prosecutor, and Plaintiff has presented no evidence to refute this.
 
 
 21
 Although the cases cited above involve relitigating the question of probable cause for an arrest, in Allen v. McCurry, 449 U.S. 90 (1980), the Supreme Court found that the doctrine of collateral estoppel could apply to search and seizure issues which had already been determined in a state court proceeding. The need for collateral estoppel is just as strong for a search warrant issue as any other issue. Allowing the Plaintiff to argue the issue again in a civil action, when the validity of the search warrant has already been determined in a criminal action, negates the policy of finality of judgments. This does nothing more than give the Plaintiff a second chance to do indirectly what he has failed to accomplish directly.
 
 
 22
 Additionally, even if the Plaintiff is not precluded from rearguing the validity of the basis for the search warrant, the Defendants are entitled to qualified immunity. Qualified immunity protects government officials from lawsuits arising from the exercise of their discretionary authority. Government officials must not be deterred from making decisions by the risk of litigation arising from a decision with which someone does not agree. However, qualified immunity does not allow a government official a safe harbor for violations of constitutional rights. See, Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Hannula v. City of Lakewood, 907 F.2d 129, 130-31 (10th Cir.1990). In order to assure that government officials are not deterred and that violations of constitutional rights are vindicated, the Supreme Court has developed an "objective reasonableness" test which weighs the conduct in question against the state of the law at the time of the alleged violation. Harlow, 457 U.S. at 818; Snell v. Tunnell, 920 F.2d 673, 696 (10th Cir.1990), cert. denied, 499 U.S. 976 (1991). Under this test, a government official is entitled to qualified immunity for exercise of discretion in his official capacity unless his conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow, 457 U.S. at 818.
 
 
 23
 While it is clearly in violation of the Fourth Amendment to base a search warrant on false information, the Plaintiff fails to allege which Defendants gave what false information, let alone prove that there was any false information. In order to negate the finding of qualified immunity due to giving false information, the Plaintiff must "make a substantial showing of deliberate falsehood or reckless disregard for truth, such that would be needed to challenge the presumed validity of an affidavit supporting a search warrant under Franks v. Delaware, 438 U.S. 154, 171 (1978)." Snell, at 698. In order to prove that the Defendants had deceived the judicial officer who found probable cause, there must be (1) by the Plaintiff, an affirmative showing of dishonesty and (2) an establishment that, but for the dishonesty, the search warrant would not have been issued. Id. The Plaintiff has simply not made such a showing.
 
 
 24
 The facts set out in the application for the search warrant provided probable cause for issuance of the search warrant, and absent evidence of bad faith, which has not been presented in this case, the Defendants had every right to act on the validity of the search warrant issued by the magistrate. Hall v. Lopez, 823 F.Supp. 857, 862 (D. Colo.1993). The Defendants acted reasonably and within the bounds of the search warrant, which is undisputed by the Plaintiff. Therefore, the Plaintiff has presented no evidence to show that any of the Defendants violated any clearly established constitutional rights of the Plaintiff of which reasonable persons should have known. The Defendants should therefore be entitled to qualified immunity.
 
 
 25
 To the extent that the Plaintiff is trying to hold these Defendants liable due to their allegedly perjured or false testimony at trial and their conspiracy to present such testimony at trial, this claim must fail as a matter of law. In Briscoe v. LaHue, 460 U.S. 325, 345-46 (1983), the Court held that a witness is absolutely immune from liability for alleged perjured testimony. The Tenth Circuit extended the Briscoe ruling to conspiracies to present perjured testimony in Miller v. Glanz, 948 F.2d 1562 (10th Cir.1991).
 
 
 26
 Allowing criminal defendants to seek damages under Sec. 1983 for conspiracy among state witnesses to offer false testimony would give rise to the same systemic concerns noted in Briscoe .... In short, we conclude that the extension of absolute immunity from civil liability to those who allegedly conspire to present perjured testimony in furtherance of a criminal conviction serves the same important purpose of immunity to witnesses themselves. Confident in the safeguards inherent in the "crucible of the judicial process" we strike a difficult balance in favor of immunity. (citations omitted).
 
 
 27
 Miller, 948 F.2d at 1571-72.
 
 RECOMMENDATION
 
 28
 Accordingly, it is recommended that the Defendants' motions for summary judgment be granted. Plaintiff is advised of his right to object to this Report and Recommendation by May 16th, 1994, in accordance with 28 U.S.C. Sec. 636 and Local Court Rule 39. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions. Moore v. United States of America, 950 F.2d 656 (10th Cir.1991).
 
 
 29
 ENTERED this 29th day of April 1994.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and Judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 We are aware of the appellees' motion for summary disposition of this appeal based on the intervening decision of the Supreme Court in Heck v. Humphrey, 512 U.S. ----, 114 S.Ct. 2364 (1994). Under Heck, Mr. Allen's Sec. 1983 action for money damages would be premature at this time, and thus not cognizable, because Mr. Allen has failed to demonstrate "that [his] conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. Sec. 2254." Id. at 2372. Nonetheless, the district court's decision, which presupposes the cognizability of this action at this time, granted summary judgment on the merits. We agree with this determination, and it provides a sufficient basis for the disposition of this appeal
 
 
 [1]
 An Oklahoma State Bureau of Investigation chemist was originally named as a Defendant, but he was dismissed from this action by an order dated October 4, 1993
 
 
 [2]
 The Defendants contend that the suspected drug dealer actually entered the Plaintiff's home. Plaintiff admits that the suspected drug dealer came to his house, but he claims that he did not let him in, as he knew the suspected drug dealer was "trouble." Further, Plaintiff does not dispute that the marked "buy" money was recovered from his house as well as some cocaine. He simply contends that he did not know these items were in his home. These minor factual discrepancies do not prevent summary judgment