Darby, J., concurring in part and dissenting in part:
¶ 1 The issue is whether the trial court in a subsequent civil case may preclude or estop a convicted criminal from denying that he committed the acts which formed the basis for his criminal conviction.
¶ 2 Mr. Phillips reached a plea-bargain agreement with the State and entered what the trial court considered to be an " Alford plea." The record, however, does not support a finding that Mr. Phillips entered an " Alford plea." As the majority notes, the plea form contains a question which reads, "Did you commit the acts charged in the information?" The form provides that Mr. Phillips answered, "Yes," thereby admitting the facts. A defendant who pleads Alford does not admit to committing the acts charged, he or she denies it.
¶ 3 To fully understand what the term " Alford plea" in fact describes, we must consider its source. North Carolina v. Alford , 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed. 2d 162 (U.S. 1970). In 1963, North Carolina indicted Mr. Alford for first-degree murder, a capital offense, and sought the death penalty. Pursuant to a plea-bargain agreement, in which the state conceded to reduce the charge to second-degree murder, Mr. Alford entered a guilty plea and avoided the possibility of receiving a sentence of death. The primary issue before the United States Supreme Court was whether or not the State coerced Mr. Alford to plead guilty by seeking a death sentence. Ultimately, the court found Mr. Alford voluntarily entered his plea. "In view of the strong factual basis for the plea demonstrated by the State and Alford's clearly expressed desire to enter it despite his professed belief in his innocence, we hold that the trial judge did not commit constitutional error in accepting it." Alford , 400 U.S. at 38, 91 S.Ct. at 168.
¶ 4 The factual basis , however, came from the State, not Mr. Alford. Consider portions of Mr. Alford's statement when he pleaded guilty:
" 'I pleaded guilty on second degree murder because they said there is too much evidence, but I ain't shot no man, but I take the fault for the other man. We never had an argument in our life and I just pleaded guilty because they said if I didn't they would gas me for it, and that is all.' .... 'I'm not guilty but I plead guilty.' "
Alford , 400 U.S. at 29 n.2, 91 S.Ct. at 163 n. 2.
¶ 5 An Alford plea is a legal fiction authorized by some courts to provide a vehicle to resolve criminal cases in a manner all necessary parties accept. Unlike Mr. Alford, Mr. Phillips admitted to committing the acts that were the basis for his conviction making his plea a straight plea of guilty. I would decide the effect of an Alford plea on a subsequent related civil case another day and limit today's ruling to conventional pleas of guilty. Three times, though, someone wrote "Alford" onto the plea form to describe the nature of Mr. Phillips' plea, and the majority of this court apparently accepts the label over the *150 substance. Therefore, I will address the issue accordingly.
¶ 6 A true " Alford plea" should not form the basis for collateral estoppel and issue preclusion as described by the majority. Clark v. Baines , 150 Wash.2d 905, 84 P.3d 245, 251 (2004) ; Doe 136 v. Liebsch , 872 N.W.2d 875 (Minn. 2015). An Alford plea is not a simple plea of guilty or a nolo contendere plea. An Alford plea is a category of plea all its own. If the court must qualify an Alford plea as one or the other, as the majority suggests, I would find that an Alford plea more closely resembles a plea of nolo contendere . In Alford , the United States Supreme Court stated:
The fact that his plea was denominated a plea of guilty rather than a plea of nolo contendere is of no constitutional significance with respect to the issue now before us, for the Constitution is concerned with the practical consequences, not the formal categorizations, of state law. ...
Nor can we perceive any material difference between a plea that refuses to admit commission of the criminal acts and a plea containing a protestation of innocence when, as in the instant case, a defendant intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt.
Alford , 400 U.S. at 37, 91 S.Ct. at 167 (internal citations omitted).
¶ 7 Regarding Alford , the Tenth Circuit said in U.S. v Buonocore ,
[t]he Supreme Court equated the plea offered by the defendant to a plea of nolo contendere, see id. at 37, 91 S.Ct. 160, and held that when there is a strong factual basis for the plea, it is not unconstitutional for a court to accept a guilty plea despite the defendant's professed belief in his innocence, see id. at 38, 91 S.Ct. 160.
....
When a defendant offers an Alford plea (i.e., a guilty plea accompanied by protestations of innocence), the proper procedure is to treat the plea as a plea of nolo contendere. See Fed.R.Crim.P. 11 advisory committee's note (1974).
United States v. Buonocore , 416 F.3d 1124, 1129-30 (10th Cir. 2005)
¶ 8 In Oklahoma, the trial court determines the factual basis for a guilty plea from the defendant. King v.State , 1976 OK CR 103, ¶ 11 (III)(B), 553 P.2d 529, 535. A criminal defendant who enters a guilty plea must admit that he or she committed the acts charged in the information; that specific question appears on the standard plea of guilty summary of facts form which the Oklahoma Court Criminal Appeals has ordered must be used in every felony guilty plea. Rules of the Court of Criminal Appeals, 22 O.S.2011, ch. 18, app., r. 13.0; 22 O.S.Supp. 2016, ch. 18, app., Form 13.10, Part A (28). A straight plea of guilty is without condition.
¶ 9 When a defendant enters a plea of nolo contendere (no contest), the defendant admits nothing. The defendant denies nothing. The court determines the factual basis from a source apart from the defendant. The same is true with an Alford plea.
¶ 10 The Oklahoma Legislature has recognized that a defendant who pleads nolo contendere does not admit to the act, mandating that a nolo contendere plea "may not be used against the defendant as an admission in any civil suit based upon or growing out of the act upon which the criminal prosecution is based." 22 O.S.2011, § 513. The defendant pleading "Alford" also does not admit to committing the acts charged against him or her. But unlike a no contest plea, the defendant pleading "Alford" goes one further and actually denies committing the acts.
¶ 11 I recognize that in Lee , this Court decided that if a criminal conviction is the result of jury verdict, collateral estoppel applies and the criminal defendant will not be allowed to re-litigate the issues of fact determined by the jury . Lee v. Knight , 1989 OK 50, ¶¶ 2, 10, 771 P.2d 1003, 1004, 1006. But a jury does not determine the fact issues to which the trial court, and now this court, have irrefutably bound defendants who enter an Alford plea. Lee and its reasoning do not apply.
¶ 12 A convicted criminal whose conviction is based on an Alford plea should be allowed to deny he or she committed the acts of *151 which they were convicted to a finder of fact in a pending civil case. At most, I would admit a prior Alford plea, along with the resulting conviction "for what it's worth," in a civil trial and allow the convicted criminal to advance a defense.