## LEE FINES v. STATE.

No. A-5181. Opinion Filed Nov. 21, 1925.
(240 Pac. 1079.)

John R. Guyer and T. S. E. Brown, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

BESSEY, P. J. Plaintiff in error, defendant below, was, by information filed in the district court of Oklahoma county, charged with having obtained, on July 3, 1923, certain money from I. H. Parsons fraudulently by means of false pretenses concerning lots sold by the defendant to Parsons in Kirkwood addition to Oklahoma City. At the conclusion of the trial on that charge, on October 30, 1923, the jury returned a verdict of not guilty. The grand jury was then in session, and the trial court ordered the defendant held for further investigation. Upon the same day the grand jury found and returned an indictment against the defendant, charging him with having procured the signature of I. H. Parsons to a check on July 3, 1923, by means of false pretenses, said check being given in payment of the purchase price of the same lots in Kirkwood addition. The date of the transaction, the description of the lots, the identity of the seller and purchaser, and all the circumstances were the same in both cases. At the conclusion of the trial on the indictment November 20, 1923, and in the same court, the defendant was by verdict of the jury found guilty of procuring the signature of I. H. Parsons by false pretenses. His punishment was fixed by the court at confinement in the state penitentiary for a term of one year.

At the trial last held there was no formal plea of former jeopardy, but the defendant, before any testimony was

introduced, objected to the introduction of evidence on the ground of former jeopardy, and in support of that objection introduced the record of the former trial. It is manifest that both charges against the defendant were founded on one and the same transaction, and that a plea of former jeopardy should have been sustained. The only question, then, before this court for consideration is whether the claim of former jeopardy was properly raised in the court below.

Ordinarily, former jeopardy should be pleaded in bar of further prosecution, and such plea should be interposed upon arraignment before pleading to the merits. Section 2617, Comp. Stat. 1921. The right to immunity from prosecution where one has once been placed in jeopardy for the same offense is a constitutional right. Section 21 of the Bill of Rights of our Constitution declares:

"Nor shall any person, after having been once acquitted by a jury, be again put in jeopardy of life or liberty for that of which he has been acquitted. Nor shall any person be twice put in jeopardy of life or liberty for the same offense."

This immunity is also a statutory right. Section 2350, Comp. Stat. 1921, provides:

"No person can be subjected to a second prosecution for a public offense for which he has once been prosecuted and duly convicted or acquitted except as hereinafter provided for new trials."

If upon a second trial for the same action or transaction it be claimed that the accused has been put in jeopardy by the first proceeding in the same court, and the record itself discloses all the facts, such facts need not be pleaded anew; and under circumstances like these the court will take cognizance of such facts from the record without a formal plea of former jeopardy. Jackson v. State, 11 Okla. Cr. 524, 148 P. 1058. The right to immunity from a second prosecution for the same offense is an important, sub-

stantial right, which should not be hedged about by artificial restrictions. And while to disregard this constitutional guaranty might be in keeping with right and justice in this particular case, yet if this constitutional provision could be set at naught in this case, it could be in other cases, and such construction would inevitably tend toward tyranny and oppression.

The purpose of a plea is merely to tender an issue upon some fact not already in a case, in order that evidence may be taken to establish or disprove such fact, as the case may warrant; but if the facts are already in the case such a plea is unnecessary. Here the court had judicial notice of the former trial, which was a part of the record of the court, and the records of such former trial were before him, directing the court's attention to the fact that the defendant had once been acquitted of the same offense. True, the former trial was had before another district judge, but in the same court. These deductions are supported by the Jackson case, supra, and cases therein cited. State v. White, 71 Kan. 356, 80 P. 589, 6 Ann. Cas. 132; Robinson v. State, 21 Tex. App. 160, 17 S. W. 632.

The judgment of the trial court is reversed, with instructions to dismiss the action.

DOYLE and EDWARDS, JJ., concur.