Fay A. PHILLIPS and Eulene F. Phillips, husband and wife, Plaintiffs in Error,

v.

Benny ALTMAN, a Sole Trader, doing business as Altman Petroleum Company, Dave Ralph Sylvan, Jay Karl Sylvan, Morris Sylvan and Edith Sylvan, a co-partnership doing business under name of Sylvan Producing Company, R. F. and M. Company, Inc., an Oklahoma Corporation, and Floyd Morris, Defendants in Error.

No. 40828.

Supreme Court of Oklahoma.

March 8, 1966.

Tom J. Amis, Meeker, for plaintiffs in error.

Green & Feldman, W. E. Green, Raymond G. Feldman, Wm. S. Hall, George A. Farrar, Tulsa, for defendants in error.

JACKSON, Vice Chief Justice.

In the trial court, plaintiffs, Phillips and wife, sued defendants, Altman, et al., for damages arising because of the pollution of plaintiffs' southwest quarter of a section of land by crude oil and other deleterious substances which defendants allegedly permitted to escape from oil leases owned and operated by defendants on the adjacent southeast quarter of said section.

Defendants' answer was a general denial with an affirmative allegation that in the conveyance by which plaintiffs acquired title to their lands there appeared the following language:

"Said parties of the first part (defendants herein) hereby expressly reserve to themselves, their heirs and assigns, an easement for drainage over the land above described from the South Half of the Southeast Quarter (S/2 SE/4) of Section 19, Township 13 North, Range 5 East, on which land there is presently oil being produced, and the parties of the second part, (Plaintiffs herein) by the acceptance of this Deed, covenant that neither they, their heirs nor assigns, shall ever assert any claim for damage arising out of or occurring because of the drainage from the said S/2 of the SE/4 of Section 19, Township 13 North, Range 5 East, over the land hereby conveyed."

Defendants pleaded that, as a matter of law, this easement for drainage and covenant not to sue precluded plaintiffs from prosecuting their damage action. Plaintiffs then filed an unverified reply denying the affirmative allegations.

On the day the cause was set for trial, and before the empaneling of the jury, the parties stipulated that the court might proceed to hear the law question arising by reason of the affirmative defense. Defendants then introduced in evidence the deed from which the above paragraph was taken and various agreements, assignments, etc., purporting to show the leasehold interest of defendants in the south half of the southeast quarter. Plaintiffs offered no evidence and when both sides had rested, the court entered judgment for defendants, holding that plaintiffs' covenant not to sue was an absolute bar to their action, and dismissing the same.

Plaintiffs' original brief in this court set out two propositions, the first being that "The court erred in rendering judgment on the pleadings when there was

a question of fact involved". This argument is without merit for the reason that no judgment on the pleadings was rendered in this case. Plaintiff's misconception in this connection no doubt arises because before filing their answer, defendants filed a motion for judgment on the pleadings which mentioned the affirmative defense later pleaded in their answer, which motion had not been ruled upon when the case was called for trial. That the hearing before the trial judge was for the purpose of resolving the issues created by plaintiffs' petition and the affirmative defense pleaded in defendants' answer was amply demonstrated by the following language from the stipulation of the parties immediately before the hearing:

> "It is stipulated by and between the parties that the Court may proceed to hear the issues raised in the *answer* of the defendants under paragraphs 3 and 4 * * * without prejudice to the right to a trial by jury on all other issues raised * * * should the determination of the issues raised in paragraphs 3 and 4 not terminate the case * * *." (Emphasis supplied.)

Plaintiffs' second proposition is that "An agreement authorizing grantor lessee to use grantee's ditch for the purpose of depositing deleterious substances is not binding when the placing of the same constitutes a public nuisance and is against public policy". In argument under this proposition plaintiffs cite Wright v. Best, 19 Cal.2d 368, 121 P.2d 702, and Exchange Drilling Co. v. Ring, 187 Okl. 599, 105 P.2d 421.

Neither case is in point. After quoting certain language from the California case, plaintiffs say that "Whether the action on the part of the defendants in polluting plaintiffs' stream constitutes a public nuisance or is against public policy, is a question of fact for a jury". It is a sufficient answer to this argument to say that in their petition, plaintiffs did not allege, either directly or indirectly, that defendants had created a public nuisance; and they did

not plead the violation of any public policy by the defendants. There is no allegation that defendants' acts affected "any considerable number of persons" (50 O.S.1961, Sec. 2) or that lands belonging to any persons other than plaintiffs were damaged. There is no allegation that the acts of defendants were "specially injurious" to plaintiffs, as opposed to the public generally. 50 O.S.1961, Sec. 10, Mackey v. Aycock, 83 Okl. 175, 201 P. 365.

Exchange Drilling Co. v. Ring, supra, was an ordinary action for damages for pollution. No easement for drainage or covenant not to sue was involved.

It is suggested that the easement for drainage and covenant not to sue are void as contrary to public policy because of the provisions of 52 O.S.1961, Sec. 296. Substantially the same argument was presented to and rejected by this court in Stanolind Oil and Gas Co. v. Phillips, 195 Okl. 377, 157 P.2d 751. In that case, the owner of lands, after having given an easement for drainage and covenant not to sue, leased his lands to a farm tenant who thereafter sued for damages for pollution. In reversing a judgment for plaintiff, this court held that the easement and covenant were not void as contrary to public policy, notwithstanding the provisions of Section 296, supra.

The provision including the easement and covenant is contained within a properly executed deed which is presumptively based upon a good consideration. Wilcox v. Wickizer, 266 P.2d 638, 641. It is sufficient as to both form and substance to constitute a covenant running with the land, see 28 C.J.S. Easements § 28, and 21 C.J.S. Covenants §§ 54 and 73.

Plaintiffs' third proposition, as amended in a supplemental brief, is to the general effect that defendants had pleaded guilty (nolo contendere) to a criminal charge of pollution based upon the same acts which form the basis of this action for damages, and that this plea constitutes an admission against interest which raises a

"question of fact" requiring submission of this case to a jury. Assuming without deciding that such a plea would raise a question of fact under the circumstances in this case, this argument still must fail for the reason that there is no evidence of such a plea in the record before us. It is true, as argued by plaintiffs, that at pretrial conference the parties stipulated that "all records in office of County Clerk of Lincoln County and office of Court Clerk of Lincoln County" might be admitted in evidence without formal identification or authentication; and they further advised the trial judge at that time that a "novel matter of law or statute involved" would be "effect of county court criminal record as an admission against interest". Nevertheless, no evidence of any plea of nolo contendere was offered or admitted in this case.

In passing, we note that the Criminal Code of this state does not specifically authorize a plea of nolo contendere; 22 O.S. 1961, Sec. 513. See also 22 C.J.S. Criminal Law § 425(4), to the effect that a plea of nolo contendere is not such an admission against interest as to be admissible in a civil suit based on the same act.

No other attack is levelled at the judgment in the briefs of plaintiffs in error.

■ There is, however, another matter plainly appearing upon the face of the record before us which requires consideration. Plaintiffs asked for damages to their lands because of drainage from leases of defendants on the *southeast quarter*. Defendants then pleaded an easement and covenant not to sue with respect to drainage from *a lease* on the *south half* of the southeast quarter. Patently, this affirmative allegation constitutes no defense with respect to drainage from the *north half* of the southeast quarter. Nevertheless, after upholding defendants' affirmative defense, the court dismissed plaintiffs' entire cause of action. So far as the record and briefs in this court are concerned, this situation is the result of a pure oversight on the part of all parties concerned. Although

we are inclined to believe there must have been some facts, or some explanation, available to the parties and the trial judge, they do not appear in the record before us and we are not willing to ignore the uncontroverted fact that the affirmative defense pleaded had no application to drainage from the north half of the southeast quarter.

As to drainage from the south half of the southeast quarter, the judgment is affirmed; as to drainage from the north half of the southeast quarter, it is reversed, and the cause is remanded to the trial court for such further proceedings as may be required under the circumstances.