MARTIN v. PHILLIPS



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:MARTIN v. PHILLIPS

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 MARTIN v. PHILLIPS
2018 OK 56
422 P.3d 143
Case Number: 116672
Decided: 06/26/2018
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2018 OK 56, 422 P.3d 143

 

APRIL MARTIN, as custodial parent of S.M. and A.M., minor children, Plaintiff/Respondent,
v.
DANIEL PAUL PHILLIPS, Defendant/Petitioner.

ON WRIT OF CERTIORARI TO THE DISTRICT COURT OF 
OKLAHOMA COUNTY, STATE OF OKLAHOMA

HONORABLE PATRICIA G. PARRISH, DISTRICT JUDGE

¶0 After Petitioner was convicted for sexually molesting Respondent's minor children, Respondent filed a civil action against Petitioner based on the same conduct. Respondent then argued that, as a result of Petitioner's plea and conviction in the criminal case, the law requires that Petitioner be found liable for the same acts in the civil case. The trial court agreed and, based upon the ordinary rules of preclusion and the nature of Petitioner's plea in his criminal case, so do we.

WRIT OF CERTIORARI TO REVIEW 

CERTIFIED INTERLOCUTORY ORDER PREVIOUSLY GRANTED;
AFFIRMED AND REMANDED FOR FURTHER PROCEEDINGS

R. Ryan Deligans and Lane R. Neal, DURBIN, LARIMORE & BIALICK, Oklahoma City, Oklahoma, for Petitioner.

P. Scott Spratt, THE SPRATT LAW FIRM, Oklahoma City, Oklahoma, for Respondent.

Wyrick, J.:

¶1 Daniel Phillips was convicted of multiple counts of indecent or lewd acts with children under the age of sixteen. The mother of the children has now sued Phillips, alleging various torts arising out of his crimes. The mother moved for partial summary adjudication in the case, arguing that Phillips's conviction for the crimes establishes his liability for the torts. In response, Phillips argued that because his conviction was the product of an Alford plea--where a defendant admits there is sufficient evidence to support a conviction, but nonetheless insists that he did not commit the crimes[1]--his conviction cannot preclude him from disputing liability in the civil case.

¶2 The district court agreed with the mother, granting partial summary adjudication in her favor on the issue of liability. Phillips asked the district court to certify that decision for immediate review pursuant to 12 O.S.2011 § 952(b)(3). The district court did so, and Phillips timely petitioned this Court for certiorari. We granted the petition and now affirm.

I.

¶3 As a general rule, when a case is litigated to judgment, the parties are precluded from later seeking to relitigate "the adjudicated claim, [and] also any theories or issues that were actually decided, or could have been decided, in that action."[2] Parties are also precluded in subsequent actions from relitigating any distinct issues of fact or law necessary to the judgment in the prior case.[3] This "issue preclusion" or "collateral estoppel," as we call it, "prevents relitigation of facts and issues actually litigated and necessarily determined in an earlier proceeding between the same parties or their privies" where the parties had a "full and fair opportunity" to litigate the issue.[4] An issue is "actually litigated" if "it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined," and the issue is "necessarily determined" if "the judgment would not have been rendered but for the determination of that issue."[5]

 

¶4 This Court has already held that these preclusionary rules apply to criminal convictions resulting from a jury verdict, barring criminal defendants from relitigating their guilt in subsequent civil actions.[6] The threshold question presented by this case is thus whether criminal convictions resulting from pleas, rather than jury verdicts, are generally subject to the same rules. We conclude that they are.

 

¶5 First, a criminal sentence cannot be imposed on a defendant unless there is a factual basis for the defendant's plea.[7] Accordingly, any judgment of conviction following a plea is necessarily predicated on the presiding judge's determination that the evidence supports the conviction.[8] Thus, the issue of factual guilt is one that is actually litigated (in that it is raised in the indictment or information and submitted to the judge for determination) and necessarily determined (in that a judgment of guilt cannot be entered unless the court finds that sufficient evidence of guilt exists).[9]

 

¶6 Second, section 513 of Oklahoma's Code of Criminal Procedure describes the types of pleas available under Oklahoma law, and in so doing specifically mandates that nolo contendere ("no-contest") pleas "may not be used against the defendant as an admission in any civil suit based upon or growing out of the act upon which the criminal prosecution is based."[10] The Legislature's creation of this exception would be a solution in search of a problem if pleas weren't generally subject to normal rules of preclusion. Because we presume that the Legislature means to accomplish something when it writes a law,[11] section 513 represents the understanding that pleas other than no-contest pleas can "be used against the defendant as an admission in any civil suit" arising out of the same facts.

 

¶7 Third, extra-jurisdictional authorities agree that a guilty plea precludes subsequent relitigation of the issue of guilt.[12] "A counseled plea of guilty" is, after all, "an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case."[13] Accordingly, "for purposes of applying the doctrine of collateral estoppel, there is no difference between a judgment of conviction based upon a guilty plea and a judgment rendered after a trial on the merits."[14]

 

II.

 

¶8 Because we hold the normal rules of preclusion apply to convictions resulting from pleas, the question that remains is whether an Alford plea like the one entered in this case falls within section 513's statutory exception to those rules. We hold that it does not.

¶9 First, the text of section 513 does not specifically address Alford pleas, at least not by that name. Section 513 only recognizes four pleas in response to a criminal charge: (1) not guilty, (2) guilty, (3) no contest, and (4) a plea of "former jeopardy."[15] Moreover, as explained above, section 513's exception from the ordinary preclusive effect only applies to no-contest pleas.[16] If the Legislature intended Alford pleas to be treated similarly, it could have said so; but it hasn't, despite Alford pleas having been recognized for nearly half a century.[17] Thus, because the Legislature has declined to specifically account for Alford pleas, we will not do so for them. "Exceptions," after all, "should not be read into a statute which are not made by the legislative body."[18]

 

¶10 Second, an Alford plea cannot be characterized as a no-contest plea in order to fall within section 513's exception by its own terms. As the parties here recognize, because section 513 does not mention Alford pleas at all, an Alford plea must be either a no-contest plea or a guilty plea--otherwise Oklahoma courts wouldn't be statutorily authorized to accept them. We conclude, as have numerous courts before us, that an Alford plea is a guilty plea--just one "entered while maintaining innocence."[19]

 

¶11 In the Alford case itself, Alford pleaded guilty to second-degree murder on the understanding that, because of the State's strong case against him, his failure to do so could result in a first-degree murder conviction accompanied by the death penalty.[20] But when entering that guilty plea, Alford consistently maintained that he was factually innocent.[21] The trial court nevertheless accepted the guilty plea and entered judgment against Alford. Alford then sought post-conviction relief, claiming his plea was the result of fear and coercion.[22] In reaching that claim, however, the U.S. Supreme Court first examined whether Alford's guilty plea was rooted in fact.[23]

 

¶12 While a guilty plea is ordinarily justified by (1) an admission that the defendant committed the crime and (2) consent to a waiver of trial,[24] the Court reasoned that an admission of factual guilt is not constitutionally required for a court to impose criminal liability because "[a]n individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime."[25] As long as the plea is rooted in fact--and Alford's was, in light of the State's evidence against him--and entered into voluntarily and with knowledge of the alternatives, the Court reasoned, a guilty plea is proper and need not be accompanied by an admission of factual guilt.[26]

 

¶13 The Court thus concluded that Alford's plea was a constitutionally valid plea of guilty.[27] This is so because an Alford plea involves an admission of the government's ability to secure a conviction--i.e., an admission of legal guilt--even though the defendant professes his factual innocence. In the end, however, the effect is the same: the defendant has pleaded guilty. Thus, even though an Alford plea and a nolo contendere plea might appear similar in certain respects, courts nonetheless recognize that an Alford plea is a guilty plea accompanied by protestations of innocence.[28]

 

¶14 Finally, there's the plea form Phillips entered in this case that confirms he was pleading guilty. Phillips insists in briefing that he entered into an Alford plea, and "in so pleading [he] never admitted to committing the crimes charged," and that his "plea was not based upon an admission of guilt, nor was the resulting judgment based upon a factual finding of such guilt."[29] The record, however, does not support this assertion. The plea is certainly delineated as an Alford plea in two places on the plea form, first on the first page where someone wrote in "(Alford)" above where the form says "Plea of Guilty and Summary of Facts,"[30] and then later in response to question 24--which asks, "What is/are your plea(s) to the charge(s) (and to each one of them)?"--where someone wrote "pleads guilty by Alford."[31] But when asked whether he committed the acts charged in the information, Phillips answered "yes," and did so under penalty of perjury.[32] Phillips also repeatedly agreed that he was pleading "guilty" to the crimes charged.[33] The trial judge, meanwhile, plainly found that there was a factual basis for the plea and that Phillips was guilty as charged.[34] Indeed, apart from merely referencing "Alford" and relying upon any connotation that might come with it, Phillips never declared he was factually innocent. He instead did the opposite; he admitted that he committed the crimes. In other words, in all substantive respects, Phillips entered a guilty plea.

 

¶15 Because we conclude that an Alford plea is a form of guilty plea, we have no difficulty concluding that Phillips's plea carries with it a guilty plea's preclusive effect. So long as Phillips's plea was both voluntary and reflected an intelligent choice among alternative options open to a defendant, it must be treated as any other guilty plea. Phillips does not assert that his plea was coerced or forced upon him in any way, and he admitted there was a factual basis for his conviction. Phillips's plea was therefore proper and could serve as an evidentiary basis for the district court presiding over the civil case against him to grant partial summary adjudication in favor of Martin.

* * *

¶16 For these reasons, we affirm the district court's grant of partial summary adjudication, and remand the case for further proceedings.

Combs, C.J.; Gurich, V.C.J.; and Kauger, Winchester, Edmondson, Colbert, Reif, and Wyrick, JJ., concur.

Darby, J. (by separate writing), concurs in part and dissents in part.

FOOTNOTES

[1] See generally North Carolina v. Alford, 400 U.S. 25 (1970).

[2] Miller v. Miller, 1998 OK 24, ¶ 23, 956 P.2d 887, 896 (citing Nat'l Diversified Bus. Servs., Inc. v. Corp. Fin. Opportunities, Inc., 1997 OK 36, ¶ 12, 946 P.2d 662, 667). This general rule applies even in cases where a defendant never appears in a case and default judgment is entered--so long as the defendant had fair opportunity to litigate the case. Swift & Co. v. Walden, 1935 OK 1173, ¶ 31, 55 P.2d 71, 79 ("The principle of res adjudicata is as applicable to default judgments after proper notice or summons as to any other judgment." (citing Rhodabarger v. Childs, 1926 OK 333, 250 P. 489; 2 A.C. Freeman, A Treatise on the Law of Judgments § 662, at 1395 (5th ed. 1925))).

[3] Nealis v. Baird, 1999 OK 98, ¶ 51, 996 P.2d 438, 458.

[4] Id. (citing Carris v. John R. Thomas & Assocs., P.C., 1995 OK 33, ¶ 11, 896 P.2d 522, 528; Underside v. Lathrop, 1982 OK 57, ¶ 6 n.6, 645 P.2d 514, 516 n.6).

[5] Id. (citing Restatement (Second) of Judgments § 27 cmt. d (1982); Fleming James, Jr. & Geoffrey Hazard, Jr., Civil Procedure §§ 11.16, 11.19 (3d ed. 1985)).

[6] In Lee v. Knight, this Court adopted the Restatement (Second) of Judgments' view that judgment of a prior criminal proceeding carries a "fully conclusive, or collateral estoppel, effect." Lee v. Knight, 1989 OK 50, ¶¶ 8-9, 771 P.2d 1003, 1005 (citing Restatement (Second) of Judgments § 85 (1982)). Accordingly, this same evidence can also serve as the foundation for a grant of partial summary adjudication as it did in Lee v. Knight, id. ¶ 10, 771 P.2d at 1006, due to the preclusive effect of the jury's determination of guilt. For example, a criminal defendant found guilty of murder by jury cannot argue that he is actually innocent in a subsequent civil action for wrongful death because the issue of whether he wrongfully caused the death of the victim has already been decided against him. The fact he may adamantly maintain his innocence from his prison cell is of no consequence to the inquiry. He was found guilty as a matter of law, and that conviction precludes him from seeking to relitigate his innocence in any case where the burden of proof is "beyond a reasonable doubt" or lower.

[7] See Okla. Ct. Crim. App. R. 4.1, 22 O.S.2011 ch. 18, app. (prescribing the mandatory form for guilty pleas, Okla. Ct. Crim. App. Form 13.10, 22 O.S.2011 ch. 18, app., which requires both that the defendant state the factual basis for his plea, id. at Part A(28), and that the court find that such a factual basis exists for the plea, id. at Part A(36)(E)).

[8] See Alford, 400 U.S. at 38 (finding the requisite factual basis where "the [State's] evidence against [Alford] . . . substantially negated his claim of innocence"); see also ROA, p.14, Plea of Guilty & Summ. of Facts at Part A(32)(E) (where the trial court found that "a factual basis exists for the plea(s)" and "the defendant is guilty as charged").

[9] In Alford, the Supreme Court described the trial court's function in this regard as follows: "Although denying the charge against him, [Alford] nevertheless preferred the dispute between him and the State to be settled by the judge in the context of a guilty plea proceeding rather than by a formal trial. Thereupon, with the State's telling evidence and Alford's denial before it, the trial court proceeded to convict and sentence Alford for second-degree murder." Alford, 400 U.S. at 32-33 (emphasis added).

[10] 22 O.S.2011 § 513.

[11] Curtis v. Bd. of Educ. of Sayre Pub. Schs., 1995 OK 119, ¶ 9, 914 P.2d 656, 659 ("[T]he Legislature will never be presumed to have done a vain and useless act in promulgating a statute." (citing TRW/Reda Pump v. Brewington, 1992 OK 31, ¶ 5, 829 P.2d 15, 20; Farris v. Cannon, 1982 OK 88, ¶ 8 n.4, 649 P.2d 529, 531 n.4)).

[12] Blohm v. Comm'r of Internal Revenue, 994 F.2d 1542, 1554 (11th Cir. 1993); Manzoli v. Comm'r of Internal Revenue, 904 F.2d 101, 105 (1st Cir. 1990); Gray v. Comm'r of Internal Revenue, 708 F.2d 243, 246 (6th Cir. 1983) ("A guilty plea is as much a conviction as a conviction following jury trial."); Ivers v. United States, 581 F.2d 1362, 1367 (9th Cir. 1978); United States v. Podell, 572 F.2d 31, 35 (2d Cir. 1978); Nathan v. Tenna Corp., 560 F.2d 761, 763-64 (7th Cir. 1977); Brazzell v. Adams, 493 F.2d 489, 490 (5th Cir. 1974); Metros v. U.S. Dist. Court, 441 F.2d 313, 317, 319 (10th Cir. 1970); Zinger v. Terrell, 985 S.W.2d 737, 741 (Ark. 1999); Paterno v. Fernandez, 569 So. 2d 1349, 1350 (Fla. Dist. Ct. App. 1990); Dettmann v. Kruckenberg, 613 N.W.2d 238, 244 (Iowa 2000); In re Bowman, 111 So. 3d 317, 322-23 (La. 2013); J.R. ex. rel. R.R. v. Malley, 62 So. 3d 902, 905-06 (Miss. 2011); Commonwealth, Dep't of Transp. v. Mitchell, 535 A.2d 581, 585 (Pa. 1987); Zurcher v. Bilton, 666 S.E.2d 224, 226 (S.C. 2008); R.F. v. Tex. Dep't of Family & Prot. Servs., 390 S.W.3d 63, 71-72 (Tex. App. 2012); State ex rel. Leach v. Schlaegel, 447 S.E.2d 1, 4 (W. Va. 1994). Cf. McCarthy v. United States, 394 U.S. 459, 466 (1969) ("[A] guilty plea is an admission of all the elements of a formal criminal charge . . . ."); Kercheval v. United States, 274 U.S. 220, 223 (1927) ("A plea of guilty differs in purpose and effect from a mere admission or an extrajudicial confession; it is itself a conviction. Like a verdict of a jury it is conclusive.").

[13] Haring v. Prosise, 462 U.S. 306, 321 (1983) (quoting Menna v. New York, 423 U.S. 61, 62 n.2 (1975)); accord 22 C.J.S. Criminal Procedure and Rights of Accused § 230 (2016) ("A guilty plea and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, it leaves no issue for the jury . . . ." (footnotes omitted)).

[14] Blohm, 994 F.2d at 1554 (citing United States v. Killough, 848 F.2d 1523, 1528 (11th Cir. 1988); Mazzocchi Bus. Co. v. Comm'r, 65 T.C.M. (CCH) 1858, 1865 (1993)); cf. 22 C.J.S. Criminal Procedure and Rights of Accused § 230 (2016) (stating that a guilty plea "is equivalent to, and as binding as, a conviction after a trial on the merits" and that "[i]t has the same effect in law as a verdict of guilty").

[15] 22 O.S.2011 § 513; see also Fines v. State, 1925 OK CR 557, 204 P. 1079, 1080 (describing the fourth plea listed in section 513--formerly O.S.1921 § 2617--as a "plea of former jeopardy").

[16] 22 O.S.2011 § 513 ("Third, Nolo contendere, subject to the approval of the court. The legal effect of such plea shall be the same as that of a plea of guilty, but the plea may not be used against the defendant as an admission in any civil suit based upon or growing out of the act upon which the criminal prosecution is based.").

[17] In fact, Oklahoma's Code of Criminal Procedure did not specifically authorize a no-contest plea until 1976, which was six years after the Supreme Court of the United States handed down its opinion in the Alford case. See 22 O.S.1971 § 513 (listing only three pleas: "First, Guilty. Second, Not guilty. Third, A former judgment of conviction or acquittal of the offense charged, which must be specially pleaded, with or without the plea of not guilty"); Act of Mar. 3, 1976, ch. 20, § 1, 1976 O.S.L. 22, 22 (adding the nolo contendere plea, as well as the distinction of such pleas from guilty pleas); Phillips v. Altman, 1966 OK 46, ¶ 12, 412 P.2d 199, 202 ("In passing, we note that the Criminal Code of this state does not specifically authorize a plea of nolo contendere; 22 O.S.1961, Sec. 513."). Had the Legislature so desired, it could have listed Alford pleas alongside no-contest pleas in the 1976 amendment to section 513 and specified that Alford pleas "may not be used against the defendant as an admission in any civil suit based upon or growing out of the act upon which the criminal prosecution is based." Yet the Legislature did not do so.

[18] Udall v. Udall, 1980 OK 99, ¶ 11, 613 P.2d 742, 745 (citing Seventeen Hundred Peoria, Inc. v. City of Tulsa, 1966 OK 155, 422 P.2d 840).

[19] E.g., Ocampo v. State, 1989 OK CR 38, ¶ 8, 778 P.2d 920, 923 (describing the Alford case as involving a "guilty plea entered while maintaining innocence"); Alford, 400 U.S. 25 passim (repeatedly describing the plea as a "guilty plea"); United States v. Mancinas-Flores, 588 F.3d 677, 681 (9th Cir. 2009) ("An Alford plea is simply shorthand for a guilty plea accompanied by a protestation of innocence. Thus, when a defendant offers what courts and lawyers describe as an Alford plea, the defendant is actually offering, in [Fed. R. Crim. P.] 11 terms, a guilty plea."); United States v. Tunning, 69 F.3d 107, 110-11 (6th Cir. 1995) ("The so-called 'Alford plea' is nothing more than a guilty plea entered by a defendant who either: 1) maintains that he is innocent; or 2) without maintaining his innocence, is unwilling or unable to admit that he committed acts constituting the crime. Because we believe it is important to bear in mind that in either situation the defendant's plea is guilty, we will use the term 'Alford-type guilty plea,' rather than merely 'Alford plea.' We also note that there should be no confusion regarding the difference between an Alford-type guilty plea and a plea of nolo contendere. . . . An Alford-type guilty plea is a guilty plea in all material respects." (internal marks and citations omitted)); Blohm, 994 F.2d at 1554-55 ("Assertions of innocence . . . do not transform ordinary guilty pleas into pleas of nolo contendere. Each remains distinct, and the collateral effects of a guilty plea are undiminished by a simultaneous protestation of innocence."); Cortese v. Black, 838 F. Supp. 485, 494 (D. Colo. 1993) ("When a criminal defendant pleads guilty he admits all of the elements of the crime with which he is charged. . . . The fact that Cortese's plea was an Alford plea does not change this result."); Emp'rs Mut. Cas. Co. v. Van Haaften, 815 N.W.2d 17, 20 (Iowa 2012); Zurcher, 666 S.E.2d at 227.

[20] 400 U.S. at 26-27.

[21] Id. at 28.

[22] Id. at 29.

[23] See id. at 37-38.

[24] See id. at 32, 37.

[25] Id. at 37.

[26] Id. at 32-33, 37-38.

[27] See id. at 37-39.

[28] See supra note 19 and accompanying text.

[29] Pet'r's Br. at 2.

[30] ROA, p.9, Plea of Guilty & Summ. of Facts at 1.

[31] Id. p.12, Plea of Guilty & Summ. of Facts at Part A(24).

[32] Id. pp.12-13, Plea of Guilty & Summ. of Facts at Part A(25), (30)(3).

[33] Id. pp.11-12, Plea of Guilty & Summ. of Facts at Part A(15)-(16), (19), (21), (23)-(24), (27).

[34] Id. p.14, Plea of Guilty & Summ. of Facts at Part A(32)(E)-(F).

Darby, J., concurring in part and dissenting in part:

¶1 The issue is whether the trial court in a subsequent civil case may preclude or estop a convicted criminal from denying that he committed the acts which formed the basis for his criminal conviction.

¶2 Mr. Phillips reached a plea-bargain agreement with the State and entered what the trial court considered to be an "Alford plea." The record, however, does not support a finding that Mr. Phillips entered an "Alford plea." As the majority notes, the plea form contains a question which reads, "Did you commit the acts charged in the information?" The form provides that Mr. Phillips answered, "Yes," thereby admitting the facts. A defendant who pleads Alford does not admit to committing the acts charged, he or she denies it.

¶3 To fully understand what the term "Alford plea" in fact describes, we must consider its source. North Carolina v. Alford, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (U.S. 1970). In 1963, North Carolina indicted Mr. Alford for first-degree murder, a capital offense, and sought the death penalty. Pursuant to a plea-bargain agreement, in which the state conceded to reduce the charge to second-degree murder, Mr. Alford entered a guilty plea and avoided the possibility of receiving a sentence of death. The primary issue before the United States Supreme Court was whether or not the State coerced Mr. Alford to plead guilty by seeking a death sentence. Ultimately, the court found Mr. Alford voluntarily entered his plea. "In view of the strong factual basis for the plea demonstrated by the State and Alford's clearly expressed desire to enter it despite his professed belief in his innocence, we hold that the trial judge did not commit constitutional error in accepting it." Alford, 400 U.S. at 38, 91 S. Ct. at 168.

¶4 The factual basis, however, came from the State, not Mr. Alford. Consider portions of Mr. Alford's statement when he pleaded guilty:

"'I pleaded guilty on second degree murder because they said there is too much evidence, but I ain't shot no man, but I take the fault for the other man. We never had an argument in our life and I just pleaded guilty because they said if I didn't they would gas me for it, and that is all.' . . . . 'I'm not guilty but I plead guilty.'"

Alford, 400 U.S. at 29 n.2, 91 S. Ct. at 163 n. 2.

¶5 An Alford plea is a legal fiction authorized by some courts to provide a vehicle to resolve criminal cases in a manner all necessary parties accept. Unlike Mr. Alford, Mr. Phillips admitted to committing the acts that were the basis for his conviction making his plea a straight plea of guilty. I would decide the effect of an Alford plea on a subsequent related civil case another day and limit today's ruling to conventional pleas of guilty. Three times, though, someone wrote "Alford" onto the plea form to describe the nature of Mr. Phillips' plea, and the majority of this court apparently accepts the label over the substance. Therefore, I will address the issue accordingly.

¶6 A true "Alford plea" should not form the basis for collateral estoppel and issue preclusion as described by the majority. Clark v. Baines, 84 P.3d 245, 251 (Wash. 2004); Doe 136 v. Liebsch, 872 N.W. 2d 875 (Minn. 2015). An Alford plea is not a simple plea of guilty or a nolo contendere plea. An Alford plea is a category of plea all its own. If the court must qualify an Alford plea as one or the other, as the majority suggests, I would find that an Alford plea more closely resembles a plea of nolo contendere. In Alford, the United States Supreme Court stated:

The fact that his plea was denominated a plea of guilty rather than a plea of nolo contendere is of no constitutional significance with respect to the issue now before us, for the Constitution is concerned with the practical consequences, not the formal categorizations, of state law. . . .

Nor can we perceive any material difference between a plea that refuses to admit commission of the criminal acts and a plea containing a protestation of innocence when, as in the instant case, a defendant intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt.

Alford, 400 U.S. at 37, 91 S. Ct. at 167 (internal citations omitted).

¶7 Regarding Alford, the Tenth Circuit said in U.S. v Buonocore,

[t]he Supreme Court equated the plea offered by the defendant to a plea of nolo contendere, see id. at 37, 91 S.Ct. 160, and held that when there is a strong factual basis for the plea, it is not unconstitutional for a court to accept a guilty plea despite the defendant's professed belief in his innocence, see id. at 38, 91 S.Ct. 160.

. . . .

When a defendant offers an Alford plea (i.e., a guilty plea accompanied by protestations of innocence), the proper procedure is to treat the plea as a plea of nolo contendere. See Fed.R.Crim.P. 11 advisory committee's note (1974).

United States v. Buonocore, 416 F.3d 1124, 1129--30 (10th Cir. 2005)

¶8 In Oklahoma, the trial court determines the factual basis for a guilty plea from the defendant. King v. State, 1976 OK CR 103, ¶ 11 (III)(B), 553 P.2d 529, 535. A criminal defendant who enters a guilty plea must admit that he or she committed the acts charged in the information; that specific question appears on the standard plea of guilty summary of facts form which the Oklahoma Court Criminal Appeals has ordered must be used in every felony guilty plea. Rules of the Court of Criminal Appeals, 22 O.S.2011, ch. 18, app., r. 13.0; 22 O.S.Supp. 2016, ch. 18, app., Form 13.10, Part A (28). A straight plea of guilty is without condition.

¶9 When a defendant enters a plea of nolo contendere (no contest), the defendant admits nothing. The defendant denies nothing. The court determines the factual basis from a source apart from the defendant. The same is true with an Alford plea.

¶10 The Oklahoma Legislature has recognized that a defendant who pleads nolo contendere does not admit to the act, mandating that a nolo contendere plea "may not be used against the defendant as an admission in any civil suit based upon or growing out of the act upon which the criminal prosecution is based." 22 O.S.2011, § 513. The defendant pleading "Alford" also does not admit to committing the acts charged against him or her. But unlike a no contest plea, the defendant pleading "Alford" goes one further and actually denies committing the acts.

¶11 I recognize that in Lee, this Court decided that if a criminal conviction is the result of jury verdict, collateral estoppel applies and the criminal defendant will not be allowed to re-litigate the issues of fact determined by the jury. Lee v. Knight, 1989 OK 50, ¶¶ 2, 10, 771 P.2d 1003, 1004, 1006. But a jury does not determine the fact issues to which the trial court, and now this court, have irrefutably bound defendants who enter an Alford plea. Lee and its reasoning do not apply.

¶12 A convicted criminal whose conviction is based on an Alford plea should be allowed to deny he or she committed the acts of which they were convicted to a finder of fact in a pending civil case. At most, I would admit a prior Alford plea, along with the resulting conviction "for what it's worth," in a civil trial and allow the convicted criminal to advance a defense.

 

 

 

 





 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 2018 OK 59, HALL v. GALMOR
Cited


 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1989 OK CR 38, 778 P.2d 920, OCAMPO v. STATE
Discussed
 1925 OK CR 557, 240 P. 1079, 32 Okl.Cr. 304, Fines v State
Cited
 1976 OK CR 103, 553 P.2d 529, KING v. STATE
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1989 OK 50, 771 P.2d 1003, 360 OBJ 902, Lee v. Knight
Discussed at Length
 1992 OK 31, 829 P.2d 15, 63 OBJ 682, TRW/Reda Pump v. Brewington
Discussed
 1997 OK 36, 946 P.2d 662, 68 OBJ 1167, National Diversified Business Services, Inc. v. Corporate Financial Opportunities, Inc.
Discussed
 1935 OK 1173, 55 P.2d 71, 176 Okla. 268, SWIFT & CO. v. WALDEN
Discussed
 1966 OK 46, 412 P.2d 199, PHILLIPS v. ALTMAN
Discussed
 1966 OK 155, 422 P.2d 840, SEVENTEEN HUNDRED PEORIA, INC. v. CITY OF TULSA
Discussed
 1995 OK 33, 896 P.2d 522, 66 OBJ 1239, Carris v. John R. Thomas and Associates, P.C.
Discussed
 1995 OK 119, 914 P.2d 656, 66 OBJ 3478, Curtis v. Board of Educ. of Sayre Public Schools
Discussed
 1980 OK 99, 613 P.2d 742, Udall v. Udall
Discussed
 1999 OK 98, 996 P.2d 438, 70 OBJ 3640, Nealis v. Baird
Discussed
 1982 OK 57, 645 P.2d 514, Underside v. Lathrop
Discussed
 1982 OK 88, 649 P.2d 529, Farris v. Cannon
Discussed
 1926 OK 333, 250 P. 489, 120 Okla. 88, RHODABARGER v. CHILDS
Discussed
 1998 OK 24, 956 P.2d 887, 69 OBJ 1172, MILLER v. MILLER
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 952, Jurisdiction of Supreme Court
Cited
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 513, Pleas to Indictment or Information
Discussed at Length


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA