Wyrick, J.:
¶ 1 Daniel Phillips was convicted of multiple counts of indecent or lewd acts with children under the age of sixteen. The mother of the children has now sued Phillips, alleging various torts arising out of his crimes. The mother moved for partial summary adjudication in the case, arguing that Phillips's conviction for the crimes establishes his liability for the torts. In response, Phillips argued that because his conviction was the product of an Alford plea-where a defendant admits there is sufficient evidence to support a conviction, but nonetheless insists that he did not commit the crimes[1] -his conviction cannot preclude him from disputing liability in the civil case.
¶ 2 The district court agreed with the mother, granting partial summary adjudication in her favor on the issue of liability. Phillips asked the district court to certify that decision for immediate review pursuant to 12 O.S.2011 § 952(b)(3). The district court did so, and Phillips timely petitioned this Court for certiorari. We granted the petition and now affirm.
*145 I.
¶ 3 As a general rule, when a case is litigated to judgment, the parties are precluded from later seeking to relitigate "the adjudicated claim, [and] also any theories or issues that were actually decided, or could have been decided, in that action."[2] Parties are also precluded in subsequent actions from relitigating any distinct issues of fact or law necessary to the judgment in the prior case.[3] This "issue preclusion" or "collateral estoppel," as we call it, "prevents relitigation of facts and issues actually litigated and necessarily determined in an earlier proceeding between the same parties or their privies" where the parties had a "full and fair opportunity" to litigate the issue.[4] An issue is "actually litigated" if "it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined," and the issue is "necessarily determined" if "the judgment would not have been rendered but for the determination of that issue."[5]
¶ 4 This Court has already held that these preclusionary rules apply to criminal convictions resulting from a jury verdict, barring criminal defendants from relitigating their guilt in subsequent civil actions.[6] The threshold question presented by this case is thus whether criminal convictions resulting from pleas, rather than jury verdicts, are generally subject to the same rules. We conclude that they are.
¶ 5 First, a criminal sentence cannot be imposed on a defendant unless there is a factual basis for the defendant's plea.[7] Accordingly, any judgment of conviction following a plea is necessarily predicated on the presiding judge's determination that the evidence supports the conviction.[8] Thus, the issue of factual guilt is one that is actually litigated (in that it is raised in the indictment or information and submitted to the judge for determination) and necessarily determined (in that a judgment of guilt cannot be entered *146 unless the court finds that sufficient evidence of guilt exists).[9]
¶ 6 Second, section 513 of Oklahoma's Code of Criminal Procedure describes the types of pleas available under Oklahoma law, and in so doing specifically mandates that nolo contendere ("no-contest") pleas "may not be used against the defendant as an admission in any civil suit based upon or growing out of the act upon which the criminal prosecution is based."[10] The Legislature's creation of this exception would be a solution in search of a problem if pleas weren't generally subject to normal rules of preclusion. Because we presume that the Legislature means to accomplish something when it writes a law,[11] section 513 represents the understanding that pleas other than no-contest pleas can "be used against the defendant as an admission in any civil suit" arising out of the same facts.
¶ 7 Third, extra-jurisdictional authorities agree that a guilty plea precludes subsequent relitigation of the issue of guilt.[12] "A counseled plea of guilty" is, after all, "an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case."[13] Accordingly, "for purposes of applying the doctrine of collateral estoppel, there is no difference between a judgment of conviction based upon a guilty plea and a judgment rendered after a trial on the merits."[14]
II.
¶ 8 Because we hold the normal rules of preclusion apply to convictions resulting from pleas, the question that remains is whether an Alford plea like the one entered in this case falls within section 513's statutory *147 exception to those rules. We hold that it does not.
¶ 9 First, the text of section 513 does not specifically address Alford pleas, at least not by that name. Section 513 only recognizes four pleas in response to a criminal charge: (1) not guilty, (2) guilty, (3) no contest, and (4) a plea of "former jeopardy."[15] Moreover, as explained above, section 513's exception from the ordinary preclusive effect only applies to no-contest pleas.[16] If the Legislature intended Alford pleas to be treated similarly, it could have said so; but it hasn't, despite Alford pleas having been recognized for nearly half a century.[17] Thus, because the Legislature has declined to specifically account for Alford pleas, we will not do so for them. "Exceptions," after all, "should not be read into a statute which are not made by the legislative body."[18]
¶ 10 Second, an Alford plea cannot be characterized as a no-contest plea in order to fall within section 513's exception by its own terms. As the parties here recognize, because section 513 does not mention Alford pleas at all, an Alford plea must be either a no-contest plea or a guilty plea-otherwise Oklahoma courts wouldn't be statutorily authorized to accept them. We conclude, as have numerous courts before us, that an Alford plea is a guilty plea-just one "entered while maintaining innocence."[19]
¶ 11 In the Alford case itself, Alford pleaded guilty to second-degree murder on the understanding that, because of the State's strong case against him, his failure to do so *148 could result in a first-degree murder conviction accompanied by the death penalty.[20] But when entering that guilty plea, Alford consistently maintained that he was factually innocent.[21] The trial court nevertheless accepted the guilty plea and entered judgment against Alford. Alford then sought post-conviction relief, claiming his plea was the result of fear and coercion.[22] In reaching that claim, however, the U.S. Supreme Court first examined whether Alford's guilty plea was rooted in fact.[23]
¶ 12 While a guilty plea is ordinarily justified by (1) an admission that the defendant committed the crime and (2) consent to a waiver of trial,[24] the Court reasoned that an admission of factual guilt is not constitutionally required for a court to impose criminal liability because "[a]n individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime."[25] As long as the plea is rooted in fact-and Alford's was, in light of the State's evidence against him-and entered into voluntarily and with knowledge of the alternatives, the Court reasoned, a guilty plea is proper and need not be accompanied by an admission of factual guilt.[26]
¶ 13 The Court thus concluded that Alford's plea was a constitutionally valid plea of guilty.[27] This is so because an Alford plea involves an admission of the government's ability to secure a conviction-i.e., an admission of legal guilt-even though the defendant professes his factual innocence. In the end, however, the effect is the same: the defendant has pleaded guilty. Thus, even though an Alford plea and a nolo contendere plea might appear similar in certain respects, courts nonetheless recognize that an Alford plea is a guilty plea accompanied by protestations of innocence.[28]
¶ 14 Finally, there's the plea form Phillips entered in this case that confirms he was pleading guilty. Phillips insists in briefing that he entered into an Alford plea, and "in so pleading [he] never admitted to committing the crimes charged," and that his "plea was not based upon an admission of guilt, nor was the resulting judgment based upon a factual finding of such guilt."[29] The record, however, does not support this assertion. The plea is certainly delineated as an Alford plea in two places on the plea form, first on the first page where someone wrote in "(Alford)" above where the form says "Plea of Guilty and Summary of Facts,"[30] and then later in response to question 24-which asks, "What is/are your plea(s) to the charge(s) (and to each one of them)?"-where someone wrote "pleads guilty by Alford ."[31] But when asked whether he committed the acts charged in the information, Phillips answered "yes," and did so under penalty of perjury.[32] Phillips also repeatedly agreed that he was pleading "guilty" to the crimes charged.[33] The trial judge, meanwhile, plainly found that there was a factual basis for the plea and that Phillips was guilty as charged.[34] Indeed, apart from merely referencing " Alford " and relying upon any connotation that might come with it, Phillips never declared he was factually innocent. He instead did the opposite; he admitted that he committed the *149 crimes. In other words, in all substantive respects, Phillips entered a guilty plea.
¶ 15 Because we conclude that an Alford plea is a form of guilty plea, we have no difficulty concluding that Phillips's plea carries with it a guilty plea's preclusive effect. So long as Phillips's plea was both voluntary and reflected an intelligent choice among alternative options open to a defendant, it must be treated as any other guilty plea. Phillips does not assert that his plea was coerced or forced upon him in any way, and he admitted there was a factual basis for his conviction. Phillips's plea was therefore proper and could serve as an evidentiary basis for the district court presiding over the civil case against him to grant partial summary adjudication in favor of Martin.
* * *
¶ 16 For these reasons, we affirm the district court's grant of partial summary adjudication, and remand the case for further proceedings.
Combs, C.J.; Gurich, V.C.J.; and Kauger, Winchester, Edmondson, Colbert, Reif, and Wyrick, JJ., concur.
Darby, J. (by separate writing), concurs in part and dissents in part.

See generally North Carolina v. Alford , 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

Miller v. Miller , 1998 OK 24, ¶ 23, 956 P.2d 887, 896 (citing Nat'l Diversified Bus. Servs., Inc. v. Corp. Fin. Opportunities, Inc. , 1997 OK 36, ¶ 12, 946 P.2d 662, 667 ). This general rule applies even in cases where a defendant never appears in a case and default judgment is entered-so long as the defendant had fair opportunity to litigate the case. Swift & Co. v. Walden , 1935 OK 1173, ¶ 31, 176 Okla. 268, 55 P.2d 71, 79 ("The principle of res adjudicata is as applicable to default judgments after proper notice or summons as to any other judgment." (citing Rhodabarger v. Childs , 1926 OK 333, 120 Okla. 88, 250 P. 489 ; 2 A.C. Freeman, A Treatise on the Law of Judgments § 662, at 1395 (5th ed. 1925) ) ).

Nealis v. Baird , 1999 OK 98, ¶ 51, 996 P.2d 438, 458.

Id. (citing Carris v. John R. Thomas & Assocs., P.C. , 1995 OK 33, ¶ 11, 896 P.2d 522, 528 ; Underside v. Lathrop , 1982 OK 57, ¶ 6 n.6, 645 P.2d 514, 516 n.6 ).

Id. (citing Restatement (Second) of Judgments § 27 cmt. d (1982); Fleming James, Jr. & Geoffrey Hazard, Jr., Civil Procedure §§ 11.16, 11.19 (3d ed. 1985) ).

In Lee v. Knight , this Court adopted the Restatement (Second) of Judgments' view that judgment of a prior criminal proceeding carries a "fully conclusive, or collateral estoppel, effect." Lee v. Knight , 1989 OK 50, ¶¶ 8-9, 771 P.2d 1003, 1005 (citing Restatement (Second) of Judgments § 85 (1982) ). Accordingly, this same evidence can also serve as the foundation for a grant of partial summary adjudication as it did in Lee v. Knight , id . ¶ 10, 771 P.2d at 1006, due to the preclusive effect of the jury's determination of guilt. For example, a criminal defendant found guilty of murder by jury cannot argue that he is actually innocent in a subsequent civil action for wrongful death because the issue of whether he wrongfully caused the death of the victim has already been decided against him. The fact he may adamantly maintain his innocence from his prison cell is of no consequence to the inquiry. He was found guilty as a matter of law, and that conviction precludes him from seeking to relitigate his innocence in any case where the burden of proof is "beyond a reasonable doubt" or lower.

See Okla. Ct. Crim. App. R. 4.1, 22 O.S.2011 ch. 18, app. (prescribing the mandatory form for guilty pleas, Okla. Ct. Crim. App. Form 13.10, 22 O.S.2011 ch. 18, app., which requires both that the defendant state the factual basis for his plea, id. at Part A(28), and that the court find that such a factual basis exists for the plea, id . at Part A(36)(E) ).

See Alford , 400 U.S. at 38, 91 S.Ct. 160 (finding the requisite factual basis where "the [State's] evidence against [Alford] ... substantially negated his claim of innocence"); see also ROA, p.14, Plea of Guilty & Summ. of Facts at Part A(32)(E) (where the trial court found that "a factual basis exists for the plea(s)" and "the defendant is guilty as charged").

In Alford , the Supreme Court described the trial court's function in this regard as follows: "Although denying the charge against him, [Alford] nevertheless preferred the dispute between him and the State to be settled by the judge in the context of a guilty plea proceeding rather than by a formal trial. Thereupon, with the State's telling evidence and Alford's denial before it, the trial court proceeded to convict and sentence Alford for second-degree murder." Alford , 400 U.S. at 32-33, 91 S.Ct. 160 (emphasis added).

22 O.S.2011 § 513.

Curtis v. Bd. of Educ. of Sayre Pub. Schs. , 1995 OK 119, ¶ 9, 914 P.2d 656, 659 ("[T]he Legislature will never be presumed to have done a vain and useless act in promulgating a statute." (citing TRW/Reda Pump v. Brewington , 1992 OK 31, ¶ 5, 829 P.2d 15, 20 ; Farris v. Cannon , 1982 OK 88, ¶ 8 n.4, 649 P.2d 529, 531 n.4 ) ).

Blohm v. Comm'r of Internal Revenue , 994 F.2d 1542, 1554 (11th Cir. 1993) ; Manzoli v. Comm'r of Internal Revenue , 904 F.2d 101, 105 (1st Cir. 1990) ; Gray v. Comm'r of Internal Revenue , 708 F.2d 243, 246 (6th Cir. 1983) ("A guilty plea is as much a conviction as a conviction following jury trial."); Ivers v. United States , 581 F.2d 1362, 1367 (9th Cir. 1978) ; United States v. Podell , 572 F.2d 31, 35 (2d Cir. 1978) ; Nathan v. Tenna Corp. , 560 F.2d 761, 763-64 (7th Cir. 1977) ; Brazzell v. Adams , 493 F.2d 489, 490 (5th Cir. 1974) ; Metros v. U.S. Dist. Court , 441 F.2d 313, 317, 319 (10th Cir. 1970) ; Zinger v. Terrell , 336 Ark. 423, 985 S.W.2d 737, 741 (1999) ; Paterno v. Fernandez , 569 So.2d 1349, 1350 (Fla. Dist. Ct. App. 1990) ; Dettmann v. Kruckenberg , 613 N.W.2d 238, 244 (Iowa 2000) ; In re Bowman , 111 So.3d 317, 322-23 (La. 2013) ; J.R. ex. rel. R.R. v. Malley , 62 So.3d 902, 905-06 (Miss. 2011) ; Commonwealth, Dep't of Transp. v. Mitchell , 517 Pa. 203, 535 A.2d 581, 585 (1987) ; Zurcher v. Bilton , 379 S.C. 132, 666 S.E.2d 224, 226 (2008) ; R.F. v. Tex. Dep't of Family & Prot. Servs. , 390 S.W.3d 63, 71-72 (Tex. App. 2012) ; State ex rel. Leach v. Schlaegel , 191 W.Va. 538, 447 S.E.2d 1, 4 (1994). Cf. McCarthy v. United States , 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) ("[A] guilty plea is an admission of all the elements of a formal criminal charge ...."); Kercheval v. United States , 274 U.S. 220, 223, 47 S.Ct. 582, 71 L.Ed. 1009 (1927) ("A plea of guilty differs in purpose and effect from a mere admission or an extrajudicial confession; it is itself a conviction. Like a verdict of a jury it is conclusive.").

Haring v. Prosise , 462 U.S. 306, 321, 103 S.Ct. 2368, 76 L.Ed.2d 595 (1983) (quoting Menna v. New York, 423 U.S. 61, 62 n.2, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975) ); accord 22 C.J.S. Criminal Procedure and Rights of Accused § 230 (2016) ("A guilty plea and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, it leaves no issue for the jury ...." (footnotes omitted) ).

Blohm , 994 F.2d at 1554 (citing United States v. Killough, 848 F.2d 1523, 1528 (11th Cir. 1988) ; Mazzocchi Bus. Co. v. Comm'r , 65 T.C.M. (CCH) 1858, 1865 (1993) ); cf. 22 C.J.S. Criminal Procedure and Rights of Accused § 230 (2016) (stating that a guilty plea "is equivalent to, and as binding as, a conviction after a trial on the merits" and that "[i]t has the same effect in law as a verdict of guilty").

22 O.S.2011 § 513 ; see also Fines v. State, 1925 OK CR 557, 240 P. 1079, 1080 (describing the fourth plea listed in section 513 -formerly O.S.1921 § 617-as a "plea of former jeopardy").

22 O.S.2011 § 513 ("Third, Nolo contendere, subject to the approval of the court. The legal effect of such plea shall be the same as that of a plea of guilty, but the plea may not be used against the defendant as an admission in any civil suit based upon or growing out of the act upon which the criminal prosecution is based.").

In fact, Oklahoma's Code of Criminal Procedure did not specifically authorize a no-contest plea until 1976, which was six years after the Supreme Court of the United States handed down its opinion in the Alford case. See 22 O.S.1971 § 513 (listing only three pleas: "First, Guilty. Second, Not guilty. Third, A former judgment of conviction or acquittal of the offense charged, which must be specially pleaded, with or without the plea of not guilty"); Act of Mar. 3, 1976, ch. 20, § 1, 1976 O.S.L. 22, 22 (adding the nolo contendere plea, as well as the distinction of such pleas from guilty pleas); Phillips v. Altman , 1966 OK 46, ¶ 12, 412 P.2d 199, 202 ("In passing, we note that the Criminal Code of this state does not specifically authorize a plea of nolo contendere; 22 O.S.1961, Sec. 513."). Had the Legislature so desired, it could have listed Alford pleas alongside no-contest pleas in the 1976 amendment to section 513 and specified that Alford pleas "may not be used against the defendant as an admission in any civil suit based upon or growing out of the act upon which the criminal prosecution is based." Yet the Legislature did not do so.

Udall v. Udall , 1980 OK 99, ¶ 11, 613 P.2d 742, 745 (citing Seventeen Hundred Peoria, Inc. v. City of Tulsa , 1966 OK 155, 422 P.2d 840 ).

E.g. , Ocampo v. State , 1989 OK CR 38, ¶ 8, 778 P.2d 920, 923 (describing the Alford case as involving a "guilty plea entered while maintaining innocence"); Alford , 400 U.S. 25, 91 S.Ct. 160passim (repeatedly describing the plea as a "guilty plea"); United States v. Mancinas-Flores , 588 F.3d 677, 681 (9th Cir. 2009) ("An Alford plea is simply shorthand for a guilty plea accompanied by a protestation of innocence. Thus, when a defendant offers what courts and lawyers describe as an Alford plea, the defendant is actually offering, in [Fed. R. Crim. P.] 11 terms, a guilty plea."); United States v. Tunning , 69 F.3d 107, 110-11 (6th Cir. 1995) ("The so-called 'Alford plea' is nothing more than a guilty plea entered by a defendant who either: 1) maintains that he is innocent; or 2) without maintaining his innocence, is unwilling or unable to admit that he committed acts constituting the crime. Because we believe it is important to bear in mind that in either situation the defendant's plea is guilty, we will use the term 'Alford -type guilty plea,' rather than merely 'Alford plea.' We also note that there should be no confusion regarding the difference between an Alford-type guilty plea and a plea of nolo contendere. ... An Alford -type guilty plea is a guilty plea in all material respects." (internal marks and citations omitted) ); Blohm , 994 F.2d at 1554-55 ("Assertions of innocence ... do not transform ordinary guilty pleas into pleas of nolo contendere. Each remains distinct, and the collateral effects of a guilty plea are undiminished by a simultaneous protestation of innocence."); Cortese v. Black , 838 F.Supp. 485, 494 (D. Colo. 1993) ("When a criminal defendant pleads guilty he admits all of the elements of the crime with which he is charged. ... The fact that Cortese's plea was an Alford plea does not change this result."); Emp'rs Mut. Cas. Co. v. Van Haaften , 815 N.W.2d 17, 20 (Iowa 2012) ; Zurcher , 666 S.E.2d at 227.

400 U.S. at 26-27, 91 S.Ct. 160.

Id. at 28, 91 S.Ct. 160.

Id. at 29, 91 S.Ct. 160.

See id. at 37-38, 91 S.Ct. 160.

See id. at 32, 37, 91 S.Ct. 160.

Id. at 37, 91 S.Ct. 160.

Id. at 32-33, 37-38, 91 S.Ct. 160.

See id. at 37-39, 91 S.Ct. 160.

See supra note 19 and accompanying text.

Pet'r's Br. at 2.

ROA, p.9, Plea of Guilty & Summ. of Facts at 1.

Id. p.12, Plea of Guilty & Summ. of Facts at Part A(24).

Id . pp.12-13, Plea of Guilty & Summ. of Facts at Part A(25), (30)(3).

Id. pp.11-12, Plea of Guilty & Summ. of Facts at Part A(15)-(16), (19), (21), (23)-(24), (27).

Id . p.14, Plea of Guilty & Summ. of Facts at Part A(32)(E)-(F).